**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| GUY AFEK OHAYON, | No. 11-72631 |
| Petitioner, | |
| v. | Agency No. A095-658-113 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2015[**]
Pasadena California

Before: KLEINFELD and NGUYEN, Circuit Judges, and CARR, Senior District
Judge.[***]

Petitioner Guy Afek Ohayon seeks review of a Board of Immigration

Appeals' ("BIA") order affirming the decision of an immigration judge ("IJ")

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

ordering Ohayon removed from the United States. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA summarily affirms the IJ without an opinion, we review the IJ's decision. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). Ohayon was charged with two grounds of removability: unauthorized employment in violation of 8 U.S.C. § 1227(a)(1)(C)(i); and overstaying a visa in violation of § 1227(a)(1)(C)(ii). In his opening brief, Ohayon challenges the visa overstay charge on due process grounds. Ohayon, however, does not challenge the unauthorized employment charge, which he admitted before the IJ. In light of Ohayon's failure to address this alternate ground of removal, we need not reach his challenge to the visa overstay charge because the unauthorized employment charge alone is sufficient to support removal. *See Haile v. Holder*, 658 F.3d 1122, 1130 (9th Cir. 2011) (denying a petition for review where an alien failed to address an alternate ground for the BIA's holding). In his reply brief, Ohayon argues he should be allowed to withdraw his concession of the visa overstay charge, but he has failed to present any evidence showing that the "egregious circumstances" required for such a withdrawal are present. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 831 (9th Cir. 2011).

**PETITION DENIED.**